Brown v. Moss, Circuit Judge.

CASE 96.—ACTION BY R. BROWN AGAINST M. J. MOSS,
JUDGE TWENTY-SIXTH JUDICIAL DISTRICT, TO
TEST THE CONSTITUTIONALITY OF AN ACT OF
THE LEGISLATURE CREATING A NEW DISTRICT.
October 29.

# Brown v. Moss, Circuit Judge

Appeal from Whitley Circuit Court.

D. W. SANDERS, Special Judge.

Judgment for defendant, plaintiff appeals—Affirmed.

1. Statutes—Title and Subject—Germane Provisions.—Sess. Acts
1906, p. 12, ch. 4, is entitled "An Act to create the thirty-
third judicial district of Kentucky and to change the twenty-
sixth, twenty-seventh, and twenty-eighth circuit court judicial
districts of Kentucky, and to provide for the holding of
courts in the said twenty-sixth, twenty-seventh, twenty-eighth,
and thirty-third districts, and to provide for judges and com-
monwealth's attorneys for same." Held, That as all the
provisions of the act related to the establishment of the
thirty-third judicial district and recited the changes in the
other districts necessary to its creation the act contained
but one subject, and its provisions, other than those for the
appointment of the judge and commonwealth's attorney, were
germane to the title, so that the act was not in violation
of Constitution section 51, declaring that no law shall relate
to more than one subject, which shall be expressed in its
title, etc.

2. Same—Effect of Partial Invalidity—Separate Provisions.—
That part of Sess. Acts 1906, p. 12, ch. 4, creating the thirty-
third judicial district, which authorized the Governor to ap-
point the judge and prosecuting attorney in a newly created
district until the regular election in 1909, even if invalid,
was separable from the other provisions, and therefore did
not affect the validity of the act as a whole.

vol. 126—53

Brown v. Moss, Circuit Judge.

3. Courts—Judicial Districts—Creation—Statutes.—Sess. Acts 1906, p. 12, ch. 4, creating the thirty-third judicial district, being for the establishment of a new district, was not in contravention of Constitution section 134, providing that the judicial districts shall not be changed except at the first session after an enumeration, unless on the establishment of a new district.

4. Same—Constitutional Provisions—Construction.—Constitution section 128, provides that the Legislature at its first session after the adoption of the Constitution shall divide the State into judicial districts, and that in making the apportionment no county shall be divided, and the number of districts, excluding those in counties having a population of 150,000, shall not exceed one district for each 60,000 of the population of the entire State. Section 132 declares that the General Assembly may establish additional districts, but that the whole number of districts, exclusive of counties having a population of 150,000, shall not exceed at any time one for every 60,000 of population of the State according to the last enumeration. Held, That the number of districts authorized is to be determined by dividing the population of the entire State by 60,000, and not by dividing the population of the State less the population of the only county having a population of more than 150,000 by 60.000.

5. Same—"Population of the State."—The phrase "population of the entire State," as used in Constitution section 128, providing that in making apportionment of judicial districts the number shall not exceed one district for each 60,000 of the population of the entire State, means all of the State's inhabitants.

J. C. BAIRD, attorney for appellant.

Appellant alleges that the act of February 21, 1906, is null and void.

1. Because the population of the State, according to the last census, deducting the population of counties having one hundred and fifty thousand people or more, is not sufficient to admit of the creation of the thirty third district at that time, and that the act offends against section 132 of the Constiuion.

2. Because the act in allowing and directing the executive to appoint a commonwealth's attorney in the twenty-sixth district, said appointee to hold till 1909, is an infraction of section 152 of the State organic law.

Brown v. Moss, Circuit Judge.

3. That the act is violative of the Constitution in that it invades the rights of the citizens and voters and tax-payers to choose for themselves who their own officers shall be in said twenty-sixth, and thirty-third districts, at least to the extent of circuit judges and commonwealth's attorneys.

4. That the title of the act is not sufficient. And he further avers that defendant Moss is exercising the functions of circuit judge, threatening, if not restrained therefrom, to issue a proclamation of election to fill a vacancy so called, in the office of commonwealth's attorney in the twenty-sixth district unless enjoined and restrained therefrom.

## AUTHORITIES CITED.

Massingale v. Lester, 46 S. W., p. 694; Zimmerman v. Brooks, 80 S. W., p. 442; Yates v. Collins, 82 S. W., p. 282; Debates on Constitutional Convention, pp. 3534 and 5938; Butler v. Stephens, 84 S. W., p. 745; Constitution, sections 128, 132, 128, 137, 152; Yates Co. Clerk v. McDonald, 96 S. W., 865; Robertson v. Mc-Candelass, 96 S. W., 77; Adams v. Roberts, 83 S. W., 1035.

H. C. GILLIS and J. B. SNYDER, attorneys for appellee.

## POINTS AND AUTHORITIES CITED.

1. The allegations of the petition do not show appellant entitled to sue as a tax-payer.

2. The petition does not state facts sufficient to entitle appellant to sue for the benefit of the other tax-payers of the State.

3. The relief sought by injunction can not be obtained in an ordinary action.

4. The appellant does not show himself to be a fair representative of the case for whose benefit he attempts to sue.

5. The appellant does not state facts showing that he has been injured or that his property rights have been affected by reason of anything complained of in the petition.

6. The appellant does not show himself entitled to the relief sought.

7. The appellant does not state any cause of action against the appellee.

8. The act of February 21, 1906, is constitutional.

## AUTHORITIES CITED.

Roots v. Merriwether, 8 Bush, 411; Comth. v. Cook, 8 Bush,

224; Winge v. Hayden, 10 Bush, 280;   Bentley v. Bustard, 16
B. M., 685; Randall v. Shropshire, 4 Met., 329; Clark v. Hart, 98
Ky., 31; Chambers v. Adair, 23 Ky. Law Rep., 273; Sparks v.
Robinson, 115 Ky. 453; Acts 1906, p. 88; Acts 1902, p. 282; Acts
1904, p. 61; Civil Code, section 25; Bardstown & Louisville R.
R. Co. v. Metcalfe, 4 Met., 199; Newman, Pleading and Practice,
1 Ed., section 232; City of Covington v. Ludlow, 1 Met., 295;
Brown v. B. & L. R. R. Co., Mss. Opinion, 1861; Bowling Green
v. Hobson, 3 B. M., 479; City of Lexington v. McQuillan's Heirs,
9 Dana, 514; Comth. v. Wright, 79 Ky., 22; Eakins v. Eakins, 14
Ky. Law Rep., 562; Sullivan v. Berry, 83 Ky., 198; Burnside v.
Lincoln Co. Court, 86 Ky., 423; Finley v. Smith, 26 Ky. Law
Rep., 564; Ky. Constitution, sections 132, 128; Cooley's Constitu-
tional Limitations, section 66; Higgins v. Prater, 91 Ky., 6; Con-
stitutional Debates, vol. 3, pp. 3265, 3274, 3276, 3277, 3500, 3532,
3547, 3544, 3554; vol. 4, pp. 5696, 5698, 5699, 5700, 5857; Butler
v. Stephens, 27 Ky. Law Rep. 241.

OPINION OF THE COURT BY JUDGE BARKER—Affirm-
ing.

The question for adjudication presented by this
record is the constitutionality of an act of the General
Assembly of the Commonwealth of Kentucky, ap-
proved February 21, 1906, entitled ''An act to create
the Thirty-Third judicial district of Kentucky and to
change the Twenty-Sixth. Twenty-Seventh and
Twenty-Eighth circuit court judicial districts of Ken-
tucky, and to provide for the holding of courts in the
said Twenty-Sixth, Twenty-Seventh, and Twenty-
Eighth and Thirty-Third districts, and to provide for
judges and commonwealth attorneys for same.''
Chapter 4, p. 12, Sess. Acts 1906.

In order to dispose of the question before us, it
will be necessary to examine and construe the fol-
lowing sections of the Constitution:

''Sec. 51. No law enacted by the General Assembly
shall relate to more than one subject, and that shall
be expressed in the title, and no law shall be revised,

amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

"Sec. 125.   A circuit court shall be established in each county now existing, or which may hereafter be created, in this commonwealth."

"Sec. 128.   At its first session after the adoption of this Constitution, the General Assembly, having due regard to territory, business and population, shall divide the State into a sufficient number of judicial districts to carry into effect the provisions of this Constitution concerning circuit courts. In making such apportionment, no county shall be divided, and the number of said districts, excluding those in counties having a population of one hundred and fifty thousand, shall not exceed one district for each sixty thousand of the population of the entire State."

"Sec. 132.   The General Assembly, when deemed necessary, may establish additional districts; but the whole number of districts, exclusive of counties having a population of one hundred and fifty thousand, shall not exceed at any time one for every sixty thousand of population of the State according to the last enumeration."

"Sec. 134.   The judicial districts of the State shall not be changed except at the first session after an enumeration, unless upon the establishment of a new district."

By the United States census for 1890 the State of Kentucky contained a population of 1,858,635.   By the census of 1900 it had a population of 2,147,174. At both periods of time Jefferson, alone of the counties of Kentucky, had a population of 150,000.

By the census of 1890 Jefferson county had a population of 188,589. By the census of 1900 it had a population of 234,549.

The first proposition of appellant is that the act in question is unconstitutional because it violates section 51 of the Constitution, in that the provisions of the body are not germane to the title. This position is untenable. An inspection of the title copied above shows that it provides for the creation of the Thirty-Third judicial district of Kentucky; and, while it may be somewhat prolix and unnecessarily circumstantial in its provisions, yet it all relates to the establishment of the Thirty-Third judicial district of Kentucky, and recites the changes in the other districts necessary to its creation. There is therefore clearly but one subject contained in the title, which is, as said before, the establishment of the Thirty-Third judicial district of Kentucky. Nor is there anything in the body of the act foreign to the title. The Thirty-Third judicial district is made up of counties taken from the Twenty-Sixth, Twenty-Seventh and Twenty-Eighth districts, and this necessarily caused some shiftings and changes which were required to be recited in the act in order to express the whole will of the Legislature; but there is no provision which could have been left out (except the matter of the appointment of the judge and commonwealth's attorney, to be hereafter noticed) without militating against the complete establishment of the district. This being true, all the provisions but those contained in the exception noted above were necessarily germane to the title, and it therefore follows that, so far as section 51 of the Constitution is concerned, the act is constitutional. Wiemer v. Commissioners of the Sinking Fund, 124 Ky. 377, 99 S. W. 242. 30 Ky.

Law Rep. 523; Brown-Foreman Co. v. Commonwealth, 125 Ky. 402, 101 S. W. 321, 30 Ky. Law Rep. 793; Weber v. Commonwealth, 72 S. W. 30, 24 Ky. Law Rep. 1726.

Assuming, merely for the purposes of the case before us, that so much of the act as authorized the Governor to appoint the judge and prosecuting attorney in the newly created district, until the regular election in 1909 is invalid, that does not avail the appellant here. The part of the act which provides for the appointment of these officers is severable from the other provisions, and could be left out without crippling the remainder, and therefore the act as a whole is not vitiated by the unconstitutional part. Wiemer v. Commissioners of Sinking Fund, supra. The title of the officers, however, is not placed in issue by the record before us, and it is not necessary, therefore, to say anything further upon this point. As the act in question establishes a new district, it is not in contravention of section 134 of the Constitution, but it is obviously within the express permission of that section.

This brings us to the main question insisted on by appellant, that the creation of the Thirty-Third judicial district is in contravention of section 132 of the Constitution. It will very materially simplify and shorten the discussion on this point to state that the question turns on the construction of section 132; it being conceded by the appellant that, if the ascertainment of the whole number of judicial districts permissible by the section in question is to be obtained by dividing the entire population of the Commonwealth by 60,000, the quotient will be more than 33, and the act is constitutional. On the other hand, it is conceded by the appellee that if the number of

judicial districts is to be obtained by dividing the population of the State, less the population of Jefferson county (the only county having a population of 150,000), by 60,000, the quotient will be less than 33, and the act unconstitutional because it creates a greater number of judicial districts than is permissible by the fundamental law of the State; so that the whole question now before us depends upon whether the number of judicial districts permissible in the State is to be obtained by dividing the entire population of the State by 60,000 or by dividing the population of the State, less the population of Jefferson county, by 60,000. By section 128, above quoted, the convention provided generally for the establishment of circuit judicial districts in this State. This was to be the first division of the State into circuit court judicial districts after the adoption of the Constitution, and the language used is therefore very instructive, and throws a strong cross-light on the construction to be given section 132, as we may feel sure the framers of the Constitution, by the language used in section 128, did not intend to establish a different rule from that laid down in section 132. In other words, sections 128 and 132 were to be consistent with each other. Now, observe the language of section 128 with reference to the original apportionment of the State into circuit judicial districts: "* * * And the number of said districts, excluding those in counties having a population of one hundred and fifty thousand, shall not exceed one district for each sixty thousand of the population of the entire State." Certainly there can be no room here for doubt. There are occasions when elaboration may obscure, but cannot clarify a subject. Nothing could be plainer than the language used above, that the

number of the districts should be obtained by dividing the population of the entire State by 60,000.

There is no room whatever for the position of appellant that the population of Jefferson county was to be deducted from the population of the State before the division authorized was made. If this had been the intention, the word "remainder" would have been used, instead of the word "entire," and the language would have been: "And the number of said districts, excluding those in counties having a population of one hundred and fifty thousand, shall not exceed one district for each sixty thousand of the population of the remainder of the State." We are not authorized to take such liberties with the language of the Constitution as is involved in changing the words used by its authors. The framers of that instrument were learned men, who understood the use and the meaning of words, and therefore the interpolation of "remainder" for "entire" would be a flagrant violation of that canon of construction which requires the words of such instruments to be given the meaning that will effectuate the intention of the framers. It follows, therefore, from the very force of the language used, that in the first division of the counties of the State into circuit judicial districts section 128 of the Constitution authorized the establishment of as many judicial districts, exclusive of Jefferson county, as the quotient obtained by dividing the population of the State, inclusive of the population of Jefferson county, by 60,000.

The only material difference between sections 132 and 128, in so far as the question we now have under discussion is concerned, is the omission of the word "entire" before the expression "population of the State"; but, as said before, no reason can be given

for an intentional difference between the sections.
Section 128 provided for a general division of all
the counties of the State into circuit judicial districts.
Section 132 provides for the establishment of addi-
tional districts from time to time as the increase in
population and legal business renders necessary.
The language of section 132, after providing for the
establishment of additional districts, is: "But the
whole number of districts, exclusive of counties hav-
ing a population of one hundred and fifty thousand,
shall not exceed at any time one for every sixty thou-
sand of population of the State according to the last
enumeration." It will be observed that the exclusion
is of districts composed of counties having a popula-
tion of 150,000 from the number of districts, and not
the exclusion of the population of counties of 150,000
from the population of the State. And it must be
borne in mind that it is the number of districts that
is the subject of ascertainment; and this number
(exclusive of those districts composed of counties of
150,000 population) is to be obtained by dividing the
population of the State by 60,000. Now, there is no
language used that would authorize the exclusion of
the population of counties having 150,000 inhabitants
from the population of the State in ascertaining the
dividend to be divided by 60,000 in order to obtain
the whole number of districts permissible. When we
use the expression "population of the State," we
mean all of its inhabitants, and this is all that can
be gotten out of the expression "the entire population
of the State." That, too, means all of the inhabi-
tants—no more, no less. In framing section 128,
although it was somewhat tautological, the convention
placed the word "entire" before the expression
"population." This was, perhaps, a sacrifice of

rhetoric in favor of certainty.   Uncertainty having thus been eliminated from section 128, it was doubtless deemed unnecessary to repeat the tautology of placing the word "entire" before "population" in section 132.

There is nothing in the opinion in Butler v. Stephens, 119 Ky. 616, 25 Ky. L. R. 241, 84 S. W. 745, which militates against the conclusion we have herein reached. The question before the court in that case was whether each district should have a population of at least 60,000, and it was held that the language of the section of the Constitution involved here only relates to the number of the districts, and that these might be varied as to population in the discretion of the Legislature.   But it is recited in the opinion that the first Legislature which met after the adoption of the Constitution, in putting in force section 128, placed the same construction on the language under discussion that we have in this opinion; this being shown by the fact that they created 30 districts, and this could only be done by dividing the population of the whole State by 60,000.   Had they deducted from the population of the State the population of Jefferson county, and divided this remainder by 60,000, only 27 districts could have been established.   So far as Butler v. Stephens is an authority upon the question in hand, it is in favor of the conclusion we have reached.

As the judgment below was in conformity with the views herein expressed, it is affirmed.