## Duff v. Mosley, Judge.

(Decided March 9, 1916.)

### Appeal from Leslie Circuit Court.

1. **Officers—Increase or Reduction of Compensation—Working Prisoners Upon Public Roads.**—Chapter 89 of the Acts of 1914, providing for the working of prisoners upon the public work or roads of the county, city or town, thereby withdrawing the prisoners from the custody of the jailer for the purpose of working them upon the public roads, and depriving him of his fees for their support and maintenance, does not violate section 161 of the constitution, which provides that the compensation of a city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office.

2. **Officers—Increase or Reduction of Compensation—Fees of Jailer.** —Section 161 of the constitution, which provides that the compensation of a city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office, contemplates an office with a fixed salary, or fixed fees; it never contemplated that the legislature might not indirectly affect a jailer's fees by changing the method of punishing criminals.

3.    Officers—Increase or Reduction of Compensation—Fees of Jailer.—
Changing the custody of a prisoner by withdrawing him from the
custody of the jailer does not, within the meaning of section
161 of the constitution, amount to a change in the compensation
of the jailer, whose fees are fixed by law, and remain unchanged.

CLEON K. CALVERT for appellant.

J. B. MINIARD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

By this action the appellant, A. J. Duff, jailer of
Leslie County, sought to enjoin Elihu Mosley, judge of
the Leslie County Court, from entering an order plac-
ing John Bishop, John Smith and Richard Jones, prison-
ers confined in jail, at work upon the public highway and
public roads of the county to satisfy judgments ren-
dered against each of them for $75.00 in the Leslie Cir-
cuit Court, under which each of them was required to
be placed at hard labor one day for each $1.00 of said
fine and costs.

The circuit court sustained a demurrer to the peti-
tion, and the plaintiff appeals.

Chapter 89 of the acts of 1914, repeals section 1379
of the Kentucky Statutes by substituting therefor a new
act, subsection 1 thereof reading as follows:

"In all cases in which a court or jury shall provide
that the defendant shall work at hard labor until his
fine and costs or imprisonment or both are satisfied, the
defendant shall be placed in the workhouse, if there be
one in the county, or at work upon some public work or
road of the county or he may be placed upon the public
works of any city or town in the county. The place of
working such prisoners shall be determined by the county
judge and it shall be his duty to enter an order on the
order book of the county, specifying the manner in
which such prisoners shall be worked and he shall give
preference to work on the roads of the county, whenever
the weather will permit." Acts 1914, page 465.

The remaining sections of the act are administrative
in their character.

Acting under the authority of the statute, the appel-
lee, as county judge, was about to enter an order direct-
ing the jailer to deliver the three prisoners above named,
to the county manager for work upon the public roads

as provided by the statute, *supra,* when this action was filed to enjoin him.

The petition alleges that the plaintiff was elected jailer at the November election, 1913, and qualified as such officer on January 1st, 1914; that at the time he took office he was entitled, under the statute, to the sum of seventy-five cents per day for dieting and keeping each prisoner committed to his custody; and, that upon the conviction of the prisoners Bishop, Smith and Jones, the appellant became immediately entitled to the sum of seventy-five cents for each of said prisoners for a period of seventy-five days, by reason of the conviction and judgments against said prisoners, provided they did not pay or replevy said judgments.

Appellant contends that he has full power and control of said prisoners, and is entitled to retain control of them and to be paid for their support until they shall have worked out their fines, and that if the county court be permitted to take them from the possession of the plaintiff and work them upon the county roads, his compensation as jailer will be reduced to that extent, and in violation of section 161 of the constitution, which provides that the compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office.

Stated differently, the appellant's contention is, that the legislature was without power to change the law relating to the custody and employment of prisoners in any way that would either directly or indirectly affect a jailer's fees. It being conceded, however, that if the prisoner should pay or replevy his fine, the jailer's compensation for dieting and keeping the prisoner would be terminated, we are unable to see how a payment of the fine would present a case different in principle from that where the prisoner is withdrawn from the custody of the jailer and put to work upon the public roads. The jailer's office is not a salaried office. His profits depend upon the work and labor he performs under the statutory fees provided therefor.

Section 161 of the constitution contemplates an office with a fixed salary or fixed fees; it never contemplated that the legislature might not indirectly affect a jailer's fees by changing the method of punishing criminals. The jailer has no such vested right to keep and feed prisoners as will prevent the legislature from

changing the method of punishing them, or the method by which they may satisfy their fines.

If the legislature had attempted to change the plaintiff's scale of fees, it would have been invalid because prohibited by the constitution. Commonwealth v. Carter, 21 Ky. L. R., 1509, 55 S. W., 701; Thomas v. Hagan, 120 Ky., 428. But the case here is entirely different. The jailer is not interested in the fine; his only interest consists in his fee for keeping and feeding the prisoner so long as he may be committed to the jailer's custody. But changing the custody of the prisoner does not, within the meaning of section 161, *supra*, amount to a change in the compensation of the jailer, which is by fees fixed by law, and remain unchanged by the statute which changed the custody.

Judgment affirmed.