# McFarland, County Judge v. Westerfield, County Tax Commissioner.

(Decided February 7, 1930.)

WILBUR K. MILLER for appellant.

BARNES & SMITH for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

This is an appeal by the county judge of Daviess county, who is the defendant below, from a decision adverse to him in two suits, which were filed against him by the county tax commissioner and were heard together.

At the July term, 1928, of the Daviess county court, R. I. Westerfield, tax commissioner for that county, filed a motion that an order be entered allowing and approving the balance due him as such tax commissioner for services in making and returning tax assessments of the taxable property during the year 1927 for taxes for the year 1928. The account filed claimed a balance due the commissioner of $996.28, and asked that the county judge certify copy of the allowance to the auditor of public accounts for payment. The county judge, appellant, here overruled the motion, and the tax commissioner appealed to the Daviess circuit court.

On the 24th day of August, 1928, the appellee, R. I. Westerfield, tax commissioner of Daviess county, filed a petition in the Daviess circuit court against R. L. McFarland, county judge of Daviess county, seeking an order for a writ of mandamus against the appellant, as judge of the Daviess county court, requiring and compelling him, as judge of said court, to make an order, and have the same entered of record in the order book, approving, allowing, and certifying to the auditor of public accounts for payment the sum of $996.91, the

balance alleged to be due the appellee as commissions and compensation for his services in making and returning the assessment of the taxable properties of Daviess county for taxes for the year 1928. The appeal from the Daviess county court was consolidated with the action instituted in the Daviess circuit court, and on final hearing the trial court sustained plaintiff's demurrer to the answer of the defendant as amended, and, the defendant declining to plead further, adjudged that there was due the plaintiff a balance of $996.91 for his services, and directed and commanded that · the defendant, R. L. McFarland, judge of the Daviess county court, enter on the record an order approving, allowing, and certifying to the auditor of public accounts, for payment to the plaintiff as tax commissioner, the sum of $996.91.

The only question presented for review is the correctness of the ruling of the trial judge in sustaining the demurrer and entering the judgment as above indicated. The compensation of county tax commissioners is fixed by section 4042a-8, Kentucky Statutes. This section was carefully construed by this court in the case of ·Shanks, Auditor of Public Accounts, v. Johnson, Tax Commissioner, 220 Ky. 160, 294 S. W. 1054.

The record discloses in the case at bar that appellee, the tax commissioner of Daviess county, made as of July 1, 1927, and returned, the assessment of the taxable properties of Daviess county for taxes for the year 1928. The board of supervisors of Daviess county convened in regular session on the second Monday in February, 1928, following the assessment made by appellee and remained in session the time provided by law. The board of supervisors examined the assessments as made by appellee, made tentative raises in the assessed value of the property of individual taxpayers in more than 600 instances, listed the properties of individual taxpayers which had been omitted from assessment, and made tentative decreases in the assessed value of the property of many individual taxpayers. The board of supervisors thereupon adjourned to give the sheriff time to notify the individual taxpayers of the increase of the assessed value of their property and the amounts thereof, as proposed by the board of supervisors, and to notify those whose property had been assessed by the board of the fact of such assessment and the value at which it was proposed to assess the same.

The board of supervisors thereafter reconvened for the purpose of hearing complaints or reasons; of the taxpayers whose property had been increased and assessed, and why the assessed value of their property should not be increased as proposed by the board, and why the assessed value of the property omitted from the assessment by individual taxpayers, should not be fixed at the amount proposed by the board. The board remained in session at its second meeting until it had given each of the individual taxpayers an opportunity to be heard, and then passed upon and determined the amount of the raises of the individual taxpayers and the assessment of omitted property.

The board of supervisors, after it had performed these acts, passed a resolution reducing the assessment of a certain class of property in Daviess county 50 per cent., and directed the clerk of the board to go over the tax commissioner's books and enter the name of each taxpayer of this class and the decreased assessed value. It is the commission of the tax commissioner on this attempted decrease that causes this controversy.

The answer of appellant, county judge, did not affirmatively show that this attempted decrease was approved by the state tax commission, and therefore, in our opinion, was bad on demurrer. As to whether or not the county board of supervisors may make such reduction with the approval of the state commission, it is not necessary to decide. We are of the opinion that the trial court was correct in ruling that the answer was not sufficient, and in entering the judgment appealed from.

It is therefore ordered that the judgment be affirmed.

Whole court sitting.