Bird, &c., v. Board of Commissioners of Kenton County.

---

CASE 32—PETITION EQUITY—DECEMBER 9.

Bird, &c., v. Board of Commissioners of Kenton County.

APPEAL FROM KENTON CIRCUIT COURT.

| 95 | 195 |
| e108 | 73 |

| 95 | 195 |
| 110 | 636 |

| 95 | 195 |
| 128 | 433 |

| 95 | 195 |
| e133 | 311 |

INTERPRETATION OF STATUTES.—While the general rule of interpretation is that full effect must be given to every word in a statute, still, where the object of the Legislature is plain and its intent gathered certainly from the whole context, the use of a single word that would render the act meaningless and absurd should be disregarded; or, if it is manifest from the context that such a word has been carelessly used for another word, the word intended should be substituted if necessary to give effect to the legislative purpose as gathered from the whole law.

An act of the Legislature creating a taxing district and providing for the imposition of a tax to pay the cost of constructing turnpike roads provided that the "width" of the macadam shall not be less than eight inches nor more than fifteen inches. *Held*—That as a liberal interpre-

Bird, &c., v Board of Commissioners of Kenton County.

tation of the word "width" would lead to an absurdity and defeat the purpose of the act, in construing the statute the word "depth" will be substituted, it being manifest that was the word intended.

O'HARA & BRYAN for appellant.

1. The power of the court is limited to the reading of the statute as it is, and it can not alter or change the language to conform to what it may suppose the Legislature intended contrary to the unambiguous meaning of the words used. Nor can anything found in the original and unsigned bill be resorted to for the purpose of aiding in the construction of the act. (Field v. Clark, 143 U. S., 649; Sherman v. Story, 30 Cal., 253, 276; Norman, Auditor, v. Ky. Board of Managers, &c., 14 Ky. Law Rep., 529; s. c., 93 Ky., 537.)

2. A whole county can not be taxed for a purely local purpose affecting beneficially only a small portion of the county and its people. (Graham v. Conger, 85 Ky., 587.)

WM. GOEBEL for appellees.

It is obvious that the use of the word "width" is a clerical error in the enrollment of the bill, and that the meaning is that the *depth* of the macadam shall be not less than eight nor more than fifteen inches. And the legislative intent being clear, clerical errors, and even errors of more gravity, are ignored or corrected by the courts, and the legislative intent declared to be the law and carried into effect. (Endlich on Int. of Statutes, secs. 245, 251, 264, 265, 295, 298, 299, 300, 301, 317, 318, 319.)

JUDGE PRYOR delivered the opinion of the court.

The taxing district as laid off by the Legislature was to equalize the burden with the taxpayers, and we perceive nothing in the act that could produce such an inequality as would induce or authorize this court to interfere. Taxing districts created for turnpike purposes, whether constituting the whole or a part of a county, have been upheld by this court in many instances, and the only question proper for consideration in this case is, shall this court, when a statute has been enacted of such public utility as in this case, look to the plain letter of the act, and following literal construction or meaning of certain words, nullify the entire statute, making the

legislative intent an absurdity, or shall the court look to the entire act with a view of carrying out the legislative will, and attach such a meaning to the language used as will uphold the statute?

Courts in such cases will look to the object of passing the law, and if it can be discovered in its provisions will not suffer it to be defeated. Under this enactment the voters of the turnpike district have favored the law, and bonds have been issued and sold, and the money expended in constructing turnpike roads, and because of that which is a mere clerical error, and which error, upon reading the act, must necessarily correct itself, it is insisted this court should declare the whole act invalid, or require the commissioners to comply with the strict letter of the law. In the eighth section of the act it is provided *that the width of the macadam shall not be less than eight inches* nor more than fifteen inches.

It is manifest that such a provision is absurd, and it is therefore insisted the act should be held invalid. The section should read, " the depth of the macadam shall not be less than eight nor more than fifteen inches," and this will carry into execution the legislative will.

" The right rule of construction is to intend the Legislature to have meant what they have naturally expressed, unless some manifest incongruity would result from doing so, or unless the context clearly shows that such a construction would not be the right one." (Potter's Dwarris on Statutes, 207.)

"In interpreting the law, judges are to explore the intentions of the Legislature, yet the construction to be placed upon an act of Parliament must be such as is warranted by, or at least not repugnant to, the words of

the act. But they must not, in order to give effect to what they may *suppose* to be the intention of the Legislature, put upon the provisions of a statute a construction not supported by the words, though the consequence would be to defeat the act." (Potter's Dwarris, 204.)

Under this rule, it is urged this court has no power to say that in using the word width the Legislature intended to use the word depth, and it is therefore necessary to determine how this rule is to be applied. When the object of the Legislature is plain and its intent gathered certainly from the whole context, the use of a single word that would render the act meaningless and absurd should be disregarded. Mr. Endlich, in his work on the Interpretation of Statutes, says: "When the language of a statute in its ordinary meaning and grammatical construction leads to a manifest contradiction of the apparent purpose of the enactment, to inconvenience or absurdity, hardship or injustice, not presumably intended, a construction may be put upon it which modifies the meaning of the words and even the structure of the sentence. This is done sometimes by giving unusual meaning to particular words. Sometimes by altering their collocation, or by rejecting them altogether, or by interpolating other words, the court having an irresistible conviction that the modifications thus made are mere corrections of careless language, and give really the true intention." (p. 400, sec. 295.)

The general rule of construction is that full effect must be given to every word in a statute; still, if no sensible meaning can be given to a word, the authorities are that it should be disregarded or eliminated from the statute.

In the Metropolitan Act it was provided " that no road

shall be formed as a street for carriage traffic unless widened to forty feet, or unless such street shall be opened at both ends." The word *or* was read *nor*, the intention being that both conditions should be complied with.

The word venire used in a statute was read *venue; final* judgments for penal judgments. (Endlich on Int. of Statutes, 436.)

In the case before us the legislative intent becomes so apparent that where words have been carelessly inserted that lead to an absurdity there is no reason why such a judicial interpretation should not be placed upon the statute as will effect its object, the court being satisfied the use of the word was a mere inaccuracy, and the modification made is in furtherance of the legislative purpose.

The judgment below is affirmed.