CASE '48—ACTION TO RECOVER SALARY—APRIL 27.

## Jackson v. City of Richmond.

APPEAL FROM MADISON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

COMMENCEMENT OF TERM OF CITY ATTORNEY—CHANGE OF COMPENSATION.

Held: The terms of all officers begin on the first Monday in January after their election in November, when no other time is fixed by the Constitution; and, therefore, when one who was elected city attorney in November, 1897, for a full term was thereafter in the same month appointed to fill a vacancy in the office, he could not claim to hold by virtue of his appointment

after the first Monday in January, 1898, so as to entitle him to claim exemption after that time from the operation of a city ordinance passed in June, 1897, changing the compensation of the city attorney.

J. A. SULLIVAN AND J. TALBOT JACKSON. ATTORNEYS FOR APPEL-LANT.

1. This court held in Tevis v. Rice, 17 Ky. Law Rep., 350, that the term of H. C. Rice, elected police judge, did not begin until September 1, 1894, and under section 160 of the Constitution, if the police judge holds office for four years, and did not begin until September 1, 1894, the city attorney of Richmond, who was elected at the same time, and for the same term, is entitled to such pay as he would have gotten for his services during the remainder of that unexpired term. 17 Ky. Law Rep., 350; Sections 160, 165 and 235, Kentucky Constitution.

C. H. BRECK FOR APPELLEE.

(No brief in record.)

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

Appellant brought this action, seeking to recover of appellee a balance claimed to be due as salary as city attorney. The agreed facts are that appellant was elected by the city council November 17, 1897, to fill a vacancy caused by the resignation of J. A. Sullivan, and held on as such officer till the filing of this action. Appellant had been elected to the office for a full term by the people before his election by the council to fill the vacancy. In June, 1897, the city council of appellee had passed an ordinance that changed the compensation of the city attorney from fees and commissions to a fixed salary. After appellant qualified under the appointment of the council, he was paid under the law as it existed before the change, in June, 1897, up till February, 1898. After February, 1898, appellant was paid the salary, and now claims in this action the difference between the salary and fees up till September 1, 1898, at which time, he claims, the new term.

for which he was elected began. The court below on the admitted facts, adjudged that the term of appellant under his election by the people began January, 1898, and that the salary was payable from that date; that the ordinance of June, 1897, became effective at that time, and for that reason appellant had been paid all that was due him. From that judgment this appeal is prosecuted.

Section 3509, Kentucky Statutes, provides that the city council may provide by ordinance for the election of a city attorney for the same term as the police judge. It is admitted that this was done. By section 3510, Kentucky Statutes, it is provided that the term of police judge shall be four years, with a proviso that the term of the judge then in office, elected in 1890, shall cease on August 31, 1894, and the judge elected in November, 1893, shall begin his term September 1, 1894, and continue until the November election, 1897, and until his successor is elected and qualified. This section is in accordance with section 167 of the Constitution. Since the adoption of the present Constitution, all officers elected by the people, except Governor and Lieutenant Governor, as we now remember, begin their term of office on the first Monday in January after their election in November, and that this date was contemplated by the framers of the Constitution is clear; and that it applies to all officers, where no other time is fixed, is, we think, manifest. To hold that a city council of one city of the fourth class may fix September 1st following the election in November, as appellant contends, would utterly destroy the uniformity of laws contemplated by the Constitution. If September 1st could be fixed, any other date might be fixed, and so there would be no uniformity among cities having the same charter. The express provision of section 167 of the Constitution, as well

as section 3510, Kentucky Statutes, is that the police judge shall continue in office till the November election, 1897, and until the election and qualification of his successor. This latter clause can not be held to mean till such time as the council may fix for the term to begin— certainly not for ten months. We are of opinion that the term of appellant under his appointment ended on the first Monday in January, 1898; and consequently he has no cause of action against the city, as he has been paid the salary fixed under the new term. Judgment affirmed.

Petition for rehearing filed by appellant and. overruled.