### UNITED STATES v. HOGG et al.

(District Court, W. D. Kentucky. January 5, 1901.)

EXECUTIONS—VALIDITY OF SALE AFTER RETURN DAY—KENTUCKY STATUTE.

The Kentucky statute of 1828, relating to executions (Morehead & B. St. p. 638), provided that "the officer may at any time before he returns the original execution sell any property taken by him in virtue of said execution, if the same shall have been levied upon before the expiration of the return day of the same, notwithstanding such return day may have expired before the day of sale." This provision was substantially carried into all subsequent revisions of the statutes, except that the words "the expiration of" were omitted. *Held* that, in view of the general rule of law that the life of an execution continues during the return day, and that a levy may be made thereunder during such day, which rule is not abrogated by the statute, it cannot be supposed to have been the intention of the legislature, by the omission of such words, to prohibit a sale after the return day, under a levy made on that day, while permitting such sale if levy was made on any other day during the life of the writ, but that such words must be deemed to have been omitted as unnecessary, and the statute construed the same as though they had been retained.

On Demurrer to the Showing in Response to a Motion for a Writ of Possession.

R. D. Hill, for the United States.

William B. Dixon, for defendants.

EVANS, District Judge. The United States, pursuant to the Kentucky statute, has moved the court for a writ of possession and for a judgment for the possession of the tract of land described in the motion. The United States had become the purchaser of the land under an execution issued from this court on a judgment rendered against Hiram Hogg. Some years before that, under writs of fieri facias issued upon judgments rendered in the state court, the respondents had become purchasers of the same land. The executions from the state court were returnable on the first Monday in March, 1892. It appears from the calendar that the first Monday in March was the 7th day of March in that year. The executions were levied by the sheriff, into whose hands they had come on that day. Subsequently the sales were made pursuant to that levy. The respondents, relying upon their previous purchase, claim that they are the owners of the land, and were such when the purchase was made by the United States, and show these facts for cause against the motion, and to this response the United States has demurred.

The question is whether the executions from the state court could lawfully be *levied* by the sheriff on the *return day* of the writs, and, further, whether the *sale* could lawfully be made of the property after the return day of the executions, the levy not having been made until on the return day. The original statute (Act 1828) applicable to the subject is found in the proviso near the top of page 638 of Morehead & Brown's Statutes of Kentucky, in this language:

"Provided, however, that the officer may, at any time before he returns the original execution, sell any property taken by him in virtue of said execution, if the same shall have been levied before *the expiration of* the return day of the same, notwithstanding such return day may have expired before the day of sale."

This provision was substantially carried into the Revised Statutes in 1860, except that the words, "the expiration of," were omitted. The applicable provision of the Kentucky Statutes now in force (section 1664, cl. 3) is substantially the same as that in the Revised Statutes, and the provision also stood substantially the same in the revision of 1873, known as the "General Statutes." There would, of course, be no difficulty in this case if the omitted words, "the expiration of," had been brought forward in the various revisions of the statutes of Kentucky, to which I have alluded, and their omission might be taken as indicating the legislative intention to change the statute so as to make an execution not leviable on the return day, or rather to make a sale invalid of property levied upon on that day. The effect of this would be to make the execution expire for all practical purposes before the return day, or, at least, with the beginning of the return day. But it seems to me

that that was not the legislative intention. It seems to me that it would lead to an absurd result to so hold, particularly in view of the fact that, under every decision and authority with which the court has become acquainted, the execution must be regarded as continuing in force during the entire return day. This being so, the court must conclude that the words alluded to were dropped by accident, or because, notwithstanding their literal import, they were supposed not to enlarge the meaning of the enactment. If it be true, as it is universally decided, that an execution remains *in force* during *all* of the return day, then the effect of the contention of the United States in this case would be that the legislature meant that, while it might be in force on that day, nothing could be done under it, or else, as already indicated, that the legislature meant to destroy the validity of the writ itself at the termination of the previous Saturday; the return day of such executions in Kentucky almost universally being Monday, and in this way the execution would have practically expired with the Saturday before the first Monday of the month, Sunday being dies non.

There are certain fundamental principles for the construction of statutes which seem to me to obviate a result which, I think, would, under the circumstances of this case, be such as was not contemplated by the legislature, and I think there is enough doubt in the case to make a resort to construction entirely proper.

1. The general and well-recognized principle is that the literal import of a statute should not be followed to an absurdity. Sams v. Sams' Adm'r, 85 Ky. 396, 3 S. W. 593; Bird v. Board, 95 Ky. 195, 24 S. W. 118; Feemster v. Anderson, 6 T. B. Mon. 538; Lau Ow Bew v. United States, 144 U. S. 59, 12 Sup. Ct. 517, 36 L. Ed. 340; Holy Trinity Church v. United States, 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226.

2. In whatever language a statute may be framed, its purpose must be determined by its natural and reasonable effect. Collins v. New Hampshire, 171 U. S. 34, 18 Sup. Ct. 768, 43 L. Ed. 60, and cases cited.

3. Cases within the reason, though not within the letter, of a remedial statute, are embraced in it. Watts v. Pettit's Heirs, 1 Bush, 157.

4. Every statute ought to be expounded, not according to its letter, but according to its meaning. The intention of the legislature is always the controlling principle, if it can be ascertained. Bailey v. Com., 11 Bush, 689.

5. It seems to the court that it would be an absurdity to say, in view of these suggestions, that the legislature intended that executions should not be levied on the return day of the writs, notwithstanding the fact that those writs were alive during that entire day. It seems to the court that it would be an absurd result to which we should be led by so construing the statute as to hold that it meant that the execution could not lawfully be *levied* on the return day, because under the statute a *sale* of the property levied on could not be made by reason of the fact that it was levied on the last day of its life. This conclusion would be inevitable, or else

we would be compelled to hold that, although a *levy* could be made under the execution on that day, there could not be a *sale* because the levy was made on the last day of the life of the writ, notwithstanding there might be such a sale if the levy was made on any previous day of its vitality. Unfortunately, the court of appeals of Kentucky has not passed upon this question, either since 1828 or since 1860, so far as the court has been able to find from the reported cases. In deciding the case before the court we must proceed upon the idea that the authorities universally hold that writs of fieri facias are executable, so far as levying the same are concerned, at all times up to the close of the return day, and that they do not become functus officio at the close of *the day before* the return day. This general principle being established as to the time of the expiration of the *life* of the writ, it would lead to an absurd result to say that a *sale* of property legally levied upon on the return day could not be made because the property had been taken (that is, levied upon) by the sheriff before the beginning of the return day. Such a construction would make a discrimination against levies made on the return day,—the last day of the life of the writ,—which would be unreasonable and absurd. The statute referred to nowhere provides that a *levy* is not good if made on the return day. It relates only to *sales* of property taken under the execution, and provides that there may be such sales notwithstanding the expiration of the life of the execution, so far as other objects are concerned. Its vigor is continued by the statute for the purpose of making the sale. If property may be taken or levied upon under the execution on the return day thereof, it would lead, as before stated, to an absurd result to hold that it could not be sold, after being thus lawfully taken under the writ, because the levy was made on the last instead of some earlier day of the writ's life. It seems to the court that there could be no reasonable grounds for prohibiting the sale under a levy made on the last day of the writ which would not as well apply to one made on any previous day. There being no reason for any discrimination in the premises as against levies upon one day rather than upon another, the court must hold that the legislature did not intend to provide that there might be a sale after the return day of property taken under a levy on one day any more than a sale of property taken under a levy on any other day.

The court does not mean to say that the case is free from difficulty. On the contrary, the court feels the stress of the argument that the words alluded to as having been omitted in the revision were so omitted for a material purpose. The court, however, does not yield to this argument, because, while literally it might appear to be sound, it does not enable the court to reach the sensible intention of the legislature, or any intelligent reason upon which it acted, otherwise than upon the lines suggested in this opinion. It seems to the court that if the *levy* in this case was valid, as all the authorities seem to indicate, there is no reason why the *sale* was not equally valid.

It results that the demurrer to the response must be overruled.