CASE 25.—PETITION BY W. T. BARKER AND OTHERS TO ESTABLISH A DRAINING DITCH.—September 24.

## In re Barker, &c.

Appeal from Union Circuit Court.

J. W. HENSON, Circuit Judge.

From a judgment dismissing the petition, petitioners appeal.—Reversed.

1. Statutes—Amendment.—The title of Act March 27, 1908 (Acts 1908, p. 212, c. 73), expresses a purpose to amend and re-enact Carroll's Ky. Stats., 1903, section 2380, subsection "11," etc. The body of the act refers to subsection 2. The amendment is pertinent to subsection 11, but not to subsection 2. Held, That the Legislature intended to amend and re-enact subsection 11, and that subsection 2 remains in full force.
2. Statutes—Expression in Title of Subject—Conformity of Subject-Matter.—Under Constitution section 51, requiring the subject-matter of an act to conform to the title an act amending one subsection and referring to another in the title would be invalid.

EXTENDED OPINION—
Natural Water Courses—Kentucky Statutes, 1909, c. 76, Art. 8,

(Russell's Stats., 1909, sections 4455-4485), authorizes the inclusion of natural water courses, as well as artificial ditches or drains, in establishing a drainage ditch; and they may be cleaned and straightened to secure better drainage of the land through which they run, the same as artificial ditches and drains.

DRURY & DRURY for appellants.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

The appellants, W. T. Barker and others, filed a petition in the Union county court for the purpose of establishing a drainage ditch through their lands by straightening, deepening, and cleaning Casey creek, under the provisions of section 2380, Ky. Statutes. The petition was denied by the county judge, and thereupon the petitioners appealed to the Union circuit court, where, likewise, their prayer was refused, and their petition dismissed, from which they have appealed to this court.

The only question which is raised upon the record is the effect of an amending act, which became a law March 27, 1908, and the title to which is as follows: "An Act to amend and re-enact subsections 1, 11, 16, 19, 20, 22, 23, 24, and 26 of section 2380, and subsections 4, 5, and 7 of section 2412a of the 1903 edition of Carroll's Kentucky Statutes, which relate to the drainage of lands in this Commonwealth" (Sess. Acts 1908, p. 212, c. 73). Both the county judge and the circuit court were of opinion that this amending statute repealed subsection 2 of section 2380, Ky. Stats., 1903, and thereby made the whole act ineffectual for any purpose. It is clearly apparent that the Legislature did not intend to amend subsection 2 of section 2380 at all, but intended to amend and re-enact sub-

section 11. In the enrolled bill, which we have examined, the numerals are not used in the title, but "11" is written out in the English letters, so that there can be no mistake as to what was meant in the title. In the body of the amending act, subsection 2 of section 2380 is said to be amended and re-enacted; but subsection 11 was meant, instead of subsection 2. This can be plainly seen by comparing the amendment with subsections 11 and 2 of section 2380, Ky. Stats., 1903. The amendment clearly applies and is entirely pertinent to subsection 11, but has no relation whatever to subsection 2.

Taking the title of the amended act into consideration, we have no doubt that the Legislature intended to amend and re-enact subsection 11 and not subsection 2 of section 2380, and that subsection 2 now remains in full force and effect, whereas subsection 11 is amended as provided in the amending act. To carry into effect the amending act literally would wholly destroy the drainage act contained in section 2380, Ky. Stats., 1903, and this we can not presume the Legislature intended to do. The drainage act is a wise and useful law, and we must suppose that the Legislature was undertaking not to destroy, but to improve it. If we refuse to correct the patent clerical error indicated above, the whole act is destroyed; but, if we correct it, by substituting 11 for 2, and thus conform to the title of the act, we preserve its integrity. Indeed, as the title of the act calls for the amendment of subsection 11, and not subsection 2, it was incompetent for the Legislature to undertake in the body of the act to amend subsection 2, because then the body of the act would not conform to the title, as the Constitution requires. Constitution section 51.

For these reasons, the judgment is reversed for further proceedings consistent herewith.

EXTENDED OPINION. MARCH 25, 1909.

In deference to the request of appellants, who have petitioned for a modification of the original opinion delivered herein, we now extend the opinion for the purpose of saying that article 8 of chapter 76, Ky. Stats. (Russell's Stats., 1909, sections 4455-4485), clearly authorizes the inclusion of natural water courses, as well as artificial ditches or drains; and that these may be, under the provisions of the act, cleaned and straightened in order to secure better drainage of the land through which they run, just as artificial ditches and drains may be cleaned and straightened.