## Golightly v. Bailey, Mayor, et al.

(Decided March 11, 1927.)

### Appeal from McCracken Circuit Court.

1. Statutes—Enrolled Bill Cannot be Impeached by House or Senate Journals.—Enrolled bill cannot be impeached by House or Senate Journals.

2. Statutes—Words or Numerals May be Omitted or Substituted, and Sentences or Paragraphs Altered, to Give Effect to Legislative Intention.—To give effect to legislative intention, court may substitute or omit words or numerals, and alter arrangement or structure of sentences or paragraphs.

3. Municipal Corporations—Statute Requiring Submission of Question of Annexation to Voters Held Repealed by Statute Providing for Annexation by Ordinance (Acts 1894, c. 100, Art. 3, Sections 9-13; Acts 1918, c. 19).—Acts 1894, c. 100, art. 3, section 11, providing that question of annexation of unincorporated territory to city shall be submitted to qualified voters, and sections 9, 10, 12, 13, held repealed by Acts 1906, c. 19, providing for annexation by enactment of ordinance by vote of two-thirds of members of general council, though bill as enrolled provided for repeal and re-enactment of sections 2, 9, 10, 12, 13; house journal showing that bill as introduced, provided for repeal and re-enactment of sections 9-13, and section 2 having no reference to annexation of territory to city.

4. Statutes—Where Statutes Covering Identical Subjects are Repugnant, Later Statute Will be Deemed to Have Repealed First Enactment by Implication.—Though repeal of statutes by implication is not favored, where statutes covering identical subjects are repugnant, first enactment will be deemed to have been repealed by later statute.

EATON & BOYD for appellant.

W. F. McMURRY, JR., BRADSHAW & MacDONALD and A. Y. MARTIN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The general council of the city of Paducah, a municipal corporation of the second class, adopted an ordinance

in accordance with the provisions of section 3050, Kentucky Statutes, to annex certain unincorporated territory to the city, and the appellant, being a resident and taxpayer within the territory proposed to be annexed, filed his petition in the McCracken circuit court, seeking a mandamus against the appellees compelling them to proceed, under section 3052 of the Kentucky Statutes.

Defendants answered, alleging that section 3052 of the Kentucky Statutes had been repealed, and that sections 3050, 3050b, and 3051, Kentucky Statutes, are the only valid sections of the statutes covering annexation of unincorporated territory to cities of the second class.

The appellant filed a demurrer and reply to the answer, and, the case having been submitted on the pleadings, the lower court entered a judgment dismissing the petition, and from that judgment this appeal is prosecuted.

Section 3050, Kentucky Statutes, provides that whenever it is deemed desirable to annex any unincorporated territory to the city, the general council thereof may, by a vote of two-thirds of its members, enact an ordinance defining accurately the boundary of the territory proposed to be annexed, and such ordinances shall thereupon be published in at least ten issues of the official newspaper of the city. In not less than thirty days after the enactment of such ordinance, if no petition has been filed in the circuit court as provided in section 3051 of the Kentucky Statutes, the general council may, by ordinance, annex to the city the territory described.

Section 3051, Kentucky Statutes, provides that, within thirty days after the enactment of the ordinance proposing to annex territory to the city, one or more residents or freeholders of the territory proposed to be annexed may file a petition in the circuit court of the county, setting forth the reasons why such territory or any part thereof should not be annexed, and if the court be satisfied upon the hearing that at least 75% of the freeholders of the territory to be annexed have not remonstrated and that the adding of such territory to the city will be for its interest and will cause no manifest injury to the persons owning real estate in the territory sought to be annexed, it shall so find and the annexation shall be approved. If the court shall be satisfied that 75% or more of the resident freeholders of the territory sought to be annexed have remonstrated, then such annexation shall not take place unless the court shall find from the evidence that

a failure to annex will materially retard the prosperity of such city and of such owners and residents of the territory sought to be annexed.

Section 3052 of the Kentucky Statutes provides that, whenever it shall be deemed necessary to extend the boundaries of the city and when the territory proposed to be annexed shall be unincorporated territory, the question of annexation shall be submittted to the qualified voters thereof at an election to be held for that purpose, and if four-sevenths of the qualified voters of such territory, voting at such election, vote in favor of annexation, the mayor of such city of the second class shall make proclamation thereof and such territory shall then become a part of the city.

The sole question for determination on this appeal is whether section 3052 of the Kentucky Statutes is still in force and effect.

This section was section 11 of article 3, chapter 100 of the Acts of 1894. Sections 3050 and 3051 of the Kentucky Statutes were sections 1 and 2 respectively of chapter 19 of the Acts of 1906, and section 3050a, Kentucky Statutes, was section 3 of chapter 19 of the Acts of 1906. A reference to the House Journal shows that chapter 19 of the Acts of 1906, as introduced and considered in the house, provided for the repeal and re-enactment of sections 9, 10, 11, 12 and 13, article 3, chapter 100, Acts of 1894, all of these sections having reference to the annexation of territory by cities of the second class; but the bill as enrolled provided for the repeal and re-enactment of sections 9, 10, 2, 12 and 13. It was plainly the intention of the legislature to repeal section 11 of article 3 of chapter 100 of the Acts of 1894, being section 3052, Kentucky Statutes, instead of section 2. Section 2 of the act of 1894, which the act of 1906 purports to repeal, is section 3043, Kentucky Statutes. This section has reference to boards of aldermen of cities of the second class and has nothing to do with the annexation of territory, and to hold that this section was repealed by the act of 1906 would result in an absurdity. However, an enrolled bill cannot be impeached by the House or Senate Journals. Lafferty v. Huffman, 99 Ky. 80, 35 S. W. 123; State Board of Charities and Corrections v. Hays, 190 Ky. 147, 227 S. W. 282. But it is a well-settled rule in the construction of statutes that the court, in order to make effective what it is plain the legislature intended to do, may

substitute or omit words or numerals or alter the arrangement or structure of sentences or paragraphs. Neutzel, Clerk, v. Ryans, 184 Ky. 292, 211 S. W. 852; Nichols v. Logan, 184 Ky. 711, 213 S. W. 181; Commonwealth v. Hatfield Coal Company, 186 Ky. 411, 217 S. W. 125; Commonwealth v. Fenley, 189 Ky. 480, 225 S. W. 154; In re Barker, 132 Ky. 220, 116 S. W. 686. The rule is thus stated in 36 Cyc. 1126:

> "Mere verbal inaccuracies, or clerical errors in statutes in the use of words, or numbers, or in grammar, spelling, or punctuation, will be corrected by the court, whenever necessary to carry out the intention of the legislature as gathered from the entire act.
>
> "While, as a general rule, every word in a statute is to be given force and effect, yet, whenever a statute contains words to which no meaning at all can be attached, or at least no meaning in harmony with the legislative intent as collected from the entire act, such words will be treated as surplusage, and will be wholly disregarded in the construction of the act."

In Neutzel, Clerk, v. Ryans, *supra,* we said:

> "It is a well settled rule of construction that the letter of a statute will not be followed when it leads to an absurd conclusion. The reason for the enactment must enter into its interpretation, so as to determine what was intended to be accomplished by it. The purpose is to give effect to the legislative intent. The will of the legislature, not its words, is the law."

Applying the above rule to the facts of this case, we conclude that it was the plain intention of the legislature in enacting section 3, chapter 19, Acts of 1906, to repeal section 11 and not section 2 of article 3, chapter 100, Acts of 1894. Furthermore, sections 3050 and 3052 of the Kentucky Statutes are irreconcilably inconsistent, and while the repeal of a statute by implication is not favored, this rule can have no application to repugnant statutes covering identical subjects, and the last enactment of the legislature upon a given subject must prevail and a former enactment to which it is repugnant will be deemed to have been repealed by implication. Section 3050, Kentucky Statutes, being later in time of enactment than

section 3052, constitutes the last expression of the legislature on the subject and must control. Nuetzel v. Keller, 205 Ky. 340, 265 S. W. 817; State Board of Charities and Corrections v. Combs, 193 Ky. 548, 237 S. W. 32.

We, therefore, conclude that section 3052 of the Kentucky Statutes is no longer in force and effect and the lower court correctly so adjudged.

Judgment affirmed.