## Meek, Clerk of Circuit Court v. Stone.

(Decided October 12, 1928.)

Appeal from Johnson Circuit Court.

Courts.—Acts 1928, c. 34, amending Acts 1926, c. 53, fixing terms of Johnson and Martin circuit courts comprising Twenty-Fourth judicial district, held intended to provide for commencement of fall term of latter court on third Monday in October, instead of November as stated therein, and, because of apparent conflict between terms of two courts, statute to avoid absurd result will be construed as Legislature intended it to read.

O. W. CAIN for appellant.

FRED HOWES for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This case involves the validity of chapter 34 of the Acts of 1928. By chapter 53 of the Acts of 1926, the terms of the Johnson and the Martin circuit courts which comprise the Twenty-Fourth judicial district were fixed as follows: Those of Johnson circuit court for the first Monday in March, second Monday in June, and second Monday in November, 24 juridical days each, and those of the Martin circuit court for the first Monday in April, first Monday in August, and third Monday in October, 12

juridical days each.  By chapter 34 of the Acts of 1928, the Legislature undertook to make some change in the terms of these courts.  This act as passed fixes the terms of the Johnson circuit court for the first Monday in February, second Monday in June, and second Monday in November, 24 juridical days each, and those of the Martin circuit court for the first Monday in April, first Monday in August, and third Monday in November, 18 juridical days each.  The act carried an emergency clause whereby it became effective on the 31st day of March, 1928.  It will be observed that the only change brought about by the 1928 act, so far as the Johnson circuit court is concerned, was to move the March term up to February.  So far as the Martin circuit court is concerned, the only change effected with regard to the April and the August terms was to increase their length from 12 to 18 juridical days.  The only effect of the emergency clause which was a part of the act was to extend the 1928 April term of the Martin circuit court from the 12 days it would have been under the 1926 act to the 18 days called for by the 1928 act.  It will be further observed that the 1928 act provided that the third term of the Martin circuit court should begin on the third Monday in November, whereas under the 1926 act it began on the third Monday in October.  There is an irreconcilable conflict between this last term of the Martin circuit court and the last term of the Johnson circuit court, as fixed by the 1928 act, in that this last term of the Johnson circuit court begins on the second Monday in November and continues 24 juridical days, and the last term of the Martin circuit court begins on the third Monday in November and continues 18 juridical days.  It is impossible to reconcile these two terms of court.

We are of opinion, however, that viewing the act as a whole it is manifest that the Legislature intended to make no change in the terms of the Johnson circuit court other than to move the March term up to February; that the main purpose of the act as gathered from its context, and particularly as shown by its emergency clause, was to increase the duration of the terms of the Martin circuit court from 12 to 18 juridical days; that the expression "third Monday in November" in the 1928 act was used, through oversight, for the expression "third Monday in October."  Otherwise the purpose of the act would be defeated.  This being true, we are authorized to substitute the word "October" for "November" in

this part of the act relating to this last term of the Martin circuit court. In the case of Neutzel v. Ryans, 184 Ky. 292, 211 S. W. 852, in creating the Fifty-Eighth legislative district, the Legislature used the words "Eleventh and Twelfth wards of the city of Louisville" in describing its boundaries, whereas it was manifest from the context, the attending circumstances, and the object sought to be accomplished that the words "Tenth ward" were meant to be used by the Legislature instead of the words "Eleventh and Twelfth wards." The court, in construing the act, substituted the words, "Tenth ward" for the words "Eleventh and Twelfth wards." In so doing we said:

"It is a well-settled rule of construction that the letter of a statute will not be followed when it leads to an absurd conclusion. The reason for the enactment must enter into its interpretation, so as to determine what was intended to be accomplished by it. The purpose is to give effect to the legislative intent. The will of the Legislature, not its words, is the law.

"The object sought to be attained by the enactment of a statute being ascertained, it furnishes a most excellent aid in determining whether or not the words used convey the meaning intended by the Legislature. When they do not, and from the context, the attendant circumstances and the object sought to be accomplished, this fact is made to appear, then the words may be modified consistent with the legislative intent. . . .

"As will be seen from the following cases, in order to effectuate the legislative intent, words may be supplied, omitted, substituted or modified:

"In Bailey v. Commonwealth, 11 Bush, 688, reference is made to the inadvertent use of the word 'immediate' in a statute.

"The word 'unmarried' was read into a statute in Sams v. Sams, Adm'r (85 Ky. 400, 3 S. W. 593, 9 Ky. Law Rep. 24), supra, the word 'man' being construed to mean 'unmarried man.'

" 'Depth' was substituted for 'width' in Bird, etc., v. Board of Com'rs, etc., 95 Ky. 195, 24 S. W. 118 (15 Ky. Law Rep. 578).

"In Commonwealth v. Grinstead, 108 Ky. 59 (55 S. W. 720, 57 S. W. 471, 21 Ky. Law Rep. 1444, 22 Ky. Law Rep. 377), the word 'person' was held to be

superfluous, and a like conclusion reached as to the words 'of grand larceny,' in Singleton v. Commonwealth, 164 Ky. 243 (175 S. W. 372).

"An error in punctuation was corrected in Mechanics' & Farmers' Sav. Bank v. Commonwealth, 128 Ky. 190 (108 S. W. 263, 32 Ky. Law Rep. 1037), a semicolon being substituted for a period.

"To give meaning and effect to a statute the words 'it shall be unlawful for,' and 'shall be guilty of an offence,' were supplied. Commonwealth v. Herald Pub. Co. et al., 128 Ky. 424 (108 S. W. 892, 32 Ky. Law Rep. 1293, 16 Ann. Cas. 761).

"In James, Auditor, v. U. S. Fidelity & Guaranty Co. (133 Ky. 299, 117 S. W. 406), supra, the word 'and' was substituted for the word 'or.'

"In Donlon v. Jewett, 88 Cal. 530 (26 P. 370), 'five thousand' was read as 'five thousand six hundred,' and an act classifying counties according to population.

" 'Contestant' was changed to 'contestee' in Speer v. Stephenson, 16 Idaho, 707, 102 P. 365.

" 'Section 3' was interpreted as 'section 5' in Coney v. City of Topeka, 96 Kan. 46 (143 P. 689), and in Tatlow v. Bacon, 101 Kan. 26 (165 P. 835, 14 A. L. R. 269), the number '522' was changed to '508' in reference to a section of the Code."

And in the case of People v. Gaulter, 149 Ill. 39, 36 N. E. 576, the substitution of the words "one hundred thousand" for "seventy thousand" in the classification of counties was ordered. To the same effect are Nichols v. Logan, 184 Ky. 711, 213 S. W. 181; Ross v. Board of Education, 196 Ky. 366, 244 S. W. 793; Commonwealth v. Florence, 192 Ky. 236, 232 S. W. 369; In re Barker, 132 Ky. 220, 116 S. W. 686, 1176; Golightly v. Bauley, 218 Ky. 794, 292 S. W. 320. The case of Sutton v. Rose, 224 Ky. 156, 5 S. W. (2d) 892, is not in point, for in that case it was impossible to spell out of the act in question any legislative intent other than one providing for such irreconcilable provisions as to render the act incapable of administration and hence void.

The substitution of the word "October" for "November" in the place mentioned carries out the manifest purpose and intent of the Legislature as gathered from the context of the act, the surrounding circumstances, and the object sought to be accomplished, and, under the au-

thorities cited, it is our duty in order to carry out that purpose to substitute the word ''October'' for ''November'' as indicated.

The lower court was of the opinion that chapter 34 of the Acts was invalid. In this it was in error, as the act is valid; but the word ''October'' should be substituted for the word ''November'' in it as we have stated.

The judgment of the court is therefore reversed, with instructions to enter a judgment in conformity with this opinion.