FISCAL COURT OF JEFFERSON
COUNTY et al., Appellants,

v.

CITY OF ANCHORAGE et al., Appellees.

Court of Appeals of Kentucky.

May 7, 1965.

Rehearing Denied Oct. 1, 1965.

E. P. Sawyer, Jefferson County Atty., Mark Davis, Jr., Louisville, for appellants.

J. Donald Dinning, McElwain, Dinning, Clarke & Winstead, James L. Taylor, John Frith Stewart, Louisville, for appellees.

Robert Matthews, Atty. Gen., Barkley Sturgill, Prestonsburg, Bert T. Combs, Lexington, Clay A. Copeland, Louisville, amicus curiae.

PALMORE, Judge.

KRS 100.500 conferred zoning power upon the legislative bodies of third to sixth class cities, inclusive. With respect to sixth class cities only, the 1964 General Assembly transferred that power to "the fiscal court and county judge" of the respective counties in which sixth class cities are located. This declaratory judgment suit brought by the governing authorities of the City of Anchorage and defended by the governing authorities of Jefferson County, both as class representatives pursuant to CR 23, attacks the validity of the enactment, Senate Bill 260. The circuit court adjudged the act void because (1) it violates Const.

§ 51, (2) it is an "unwarranted infringement upon the powers of sixth-class cities," and (3) it is vague and ambiguous. The county appeals.

Since the bill relates to zoning and planning in sixth class cities only, it was drafted in the form of a new subsection of KRS 81.040, but subsequently the Reviser of Statutes, deeming it more appropriately placed in Chapter 100 with the laws dealing specifically with zoning and planning, renumbered the new provision as KRS 100.-845. Cf. KRS 7.120(3), 7.140. As enacted, SB 260 reads as follows, subsection (1) being a re-enactment of existing KRS 81.-040 and subsection (2) being the new matter now under fire (italicized as in the original bill):

"AN ACT relating to planning and zoning.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"KRS 81.040 is amended to read as follows:

"(1) No city may be incorporated unless at least 125 inhabitants reside within the boundaries proposed to be established for the city. The boundary of any city, when incorporated, shall not exceed one-half mile in each direction, the form of the city being square, except that any incorporated taxing district having by its charter a grant of municipal powers and exercising them, and having at least 250 inhabitants residing within the boundary proposed to be established for the city, may be incorporated as a city with its present territorial boundaries.

"(2) *Because of small population of sixth class cities and the dependence primarily upon the county wherein such cities are located, all planning and zoning regulations shall be adopted and passed by the fiscal court and county judge in the counties wherein sixth*

*class cities are located. This provision applies only to the sixth class city within said county and not to other cities of larger size in the county. Sixth class cities located in more than one county shall be zoned by the fiscal court and county judge of the larger county. The regulations and powers applicable to sixth class cities contained in KRS 100.500 are to be performed by the fiscal court and county judge as above set out."*

For convenient reference, we quote the text of Const. § 51 in full:

"No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

It will be noted that the section does two things. (1) It limits the title and content of an enactment to a single subject. (2) It prohibits amending, extending or conferring a law by reference to its title only, without re-enacting and publishing so much of the law as is amended, extended or conferred.

The trial judge was of the opinion that SB 260 relates to two subjects, subsection (1) dealing with the creation of sixth class cities and subsection (2) with zoning and planning. In this instance the question is academic, and no doubt it is for that reason that the point is not insisted upon in appellees' brief. If it be conceded that subsections (1) and (2) do not relate to the same subject, the one that is not germane to the title, which is subsection (1), is severable and can be eliminated without affecting subsection (2). Thompson v. Commonwealth, 159 Ky. 8, 166 S.W. 623 (1914). Thus there is neither a repeal nor a re-enactment of KRS 81.040 as it existed theretofore. The net effect is that subsec-

tion (1) of the act remains in force as KRS 81.040 and subsection (2) goes into effect as a new and independent act, the title and content of which relate to a single subject, planning and zoning.

■ The other charges leveled against SB 260 in the name of Const. § 51 are that it (a) amends KRS 100.500 by reference only and (b) "purports" to amend KRS 100.500 without re-enacting and publishing it at length. Conceding these points arguendo, the defects can be cured by excision of the last sentence, which simply expresses what otherwise would follow by unavoidable implication and therefore is not essential.

"The will and intention of a legislative body * * * is the vital part of its enactment. It is a primary rule of statutory construction that significance and effect should, if possible, be accorded every part of an act and render it operative. Sometimes, however, it is not possible to give force and effect to every word and phrase used, and the courts are often justified in deleting incongruous or superfluous language in order that the legislative will shall be preserved. Minor details, nonessentials or subsidiary portions if found invalid will not render an act void." City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248, 255 (1948).

If the last sentence of the act is eliminated there is nothing left in it that either refers to KRS 100.500 or "purports" to amend it. It is then in reality an independent act. When an act does not purport to be an amendment to an existing law, but a new act, it is not necessary to set out or republish any part of an old law that may be changed or repealed. Board of Penitentiary Com'rs v. Spencer, 159 Ky. 255, 166 S. W. 1017, 1023 (1914). "Section 51 of the Constitution does not require that statutes which are amended or repealed merely by implication, or by the superseding effect of the later enactment, be republished and set forth at length." Board of Trustees of Po-

licemen's and Firemen's Retirement Fund of City of Paducah v. City of Paducah, Ky., 333 S.W.2d 515, 521 (1960).

KRS 100.500 gave to the legislative bodies of third through sixth class cities the power to regulate zoning. With respect to sixth class cities SB 260 gives that same power to "the fiscal court and county judge" in language that unmistakably excludes the legislative body of the city. It therefore repeals and supersedes KRS 100.500 to the extent of the inconsistency. Cf. Schultz v. Schultz, Ky., 332 S.W.2d 253 (1960); Golightly v. Bailey, 218 Ky. 794, 292 S.W. 320 (1927); Commonwealth ex rel. Denny v. Hargis Bank & Trust Co., 233 Ky. 801, 26 S.W.2d 1045 (1930). And this is so without reference to the last sentence of SB 260.

This phase of the case has been argued by the appellees as if the act had consisted only and entirely of the provision stating that the powers applicable to a sixth class city under KRS 100.500 will henceforth be exercised by the fiscal court and county judge. But that is not the case. We do not have before us and do not decide the question of whether it would have been valid under Const. § 51 had it consisted of that sentence alone.

So far as Const. § 51 is concerned, it is our opinion that if section (1) and the last sentence of section (2) of SB 260 were eliminated the remainder of the act would be sustainable as an independent act. And since the elimination of these portions would leave the effect of the act exactly the same as before, declaring them invalid would serve no useful purpose.

■ The second ground on which the act was adjudged invalid is so untenable that appellees have not suggested it in their brief on this appeal. Under the Constitution of this state cities just do not have any inherent powers of self-government. In the absence of some constitutional provision to the contrary they are completely subject to the will of the legislature. Board of Trus-

tees of P. & F. R. F. etc. v. City of Paducah, Ky., 333 S.W.2d 515, 518 (1960).

A more difficult question is presented by the argument that the act is so vague that it cannot be given a rational meaning. The point is that in a host of other statutory sections between KRS 100.500 and the end of KRS Chapter 100 various powers and duties incident to the administration and enforcement of zoning and planning are assigned to the legislative bodies of third, fourth, fifth and sixth class cities. For sixth class cities, where do these powers and duties reside now? In defense of the act it is contended that each of these sections is amended by necessary implication, the fiscal court and the county judge being in effect substituted for the legislative body in each appropriate instance. The appellees flatly contend that statutes cannot be amended by implication, citing language of that apparent import from Hogg v. Caudill, 254 Ky. 409, 71 S.W.2d 1020, 1023 (1934), and Holcomb v. Mayes, Ky., 290 S.W.2d 486 (1956).

Holcomb v. Mayes neither holds nor suggests that a statute cannot be amended by implication. Following the principle that a general statute will not be construed as repealing an earlier specific statute unless they are necessarily inconsistent, it held that KRS 21.060, a general law relating to appeals, did not affect an earlier statute (KRS 160.210) providing for appeals in a special type of proceeding.

█ Hogg v. Caudill does contain the statement that a statutory provision may be repealed by implication, "but not so amended or modified." However, the opinion does not cite any authority in support of that particular proposition, nor was the decision necessarily premised upon it. The courts in other states differ on the question. Cf. 82 C.J.S. Statutes § 252, pp. 419–420. We think the better approach is to give effect to the legislative will if it reasonably can be accomplished. When the intent and effect are clear, there is no more reason to

say there can be no amendment by implication than there would be to hold that there can be no repeal by implication. "An implied amendment is an act which purports to be independent of, but which in substance alters, modifies, or adds to a prior act." Sutherland, Statutory Construction, § 1913 (Vol. 1, pp. 365–366). "An act which does not purport to amend a prior act and which is 'complete within itself' is not an amendment within the scope of the constitutional provisions, although it may modify or alter some existing statute." Ibid., § 1921 (Vol. 1, pp. 382–383). See Brown v. Hoblitzell, Ky., 307 S.W.2d 739, 745 (1957), in which KRS 25.280, authorizing appointment of trial commissioners in county courts, was given the effect of amending KRS 25.450 and 25.460 by necessary implication.

█ We acknowledge and re-affirm the familiar policy of law that looks with disfavor on repeals and amendments by implication and recognizes them only when they are clear and when it is necessary in order to carry out the obvious intent of the legislature. Consistent with the spirit of Const. § 51, which we have thus far discussed from a purely technical standpoint, the act to be given an amending or repealing effect must have been such that it is reasonably certain that the members of the legislative body themselves understood what they were doing and were not deceived. In addition, it is just as essential that the intended effect be outwardly clear to those who are to execute and be governed by the law. Whatever may be its shortcomings otherwise, we think SB 260 passes both of these tests. It is neither subtle nor deceptive. The members of the legislature could not have been under any misapprehension that they were doing other than transferring the power of zoning in sixth class cities to the fiscal courts of the counties in which such cities are located. That being so, the only sensible corollary is that all of the statutory functions heretofore exercised in that field by the legislative

bodies of sixth class cities must now be exercised by the fiscal courts. This is equally clear from the standpoints of both subjective intent and objective effect.

■ The authority vested in the Legislative Research Commission by KRS 7.120 is broad enough to encompass the purely formal revisions necessary or appropriate to reflect the amendments effectuated by the act, whether or not that objective has been satisfactorily achieved in the 1964 supplement to the statutes.

■ In conclusion, we agree with the trial court that the words "fiscal court and county judge" as used in the act refer to the county judge as a member of the fiscal court, and not in his separate capacity as a judicial officer. Cf. Const. § 144; KRS 67.-040. Hence there is no attempt to confer legislative authority on a judicial officer in violation of Const. §§ 27, 28.

The cause is reversed with directions that a new judgment be entered in conformity with this opinion.