Trooper Raymond D. WILSON,
Appellant,

v.

**BUREAU OF STATE POLICE, Common-
wealth of Kentucky and State Person-
nel Board, Commonwealth of Ken-
tucky, Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1984.

Court Order Denying Rehearing and
Ordering Opinion Published
May 4, 1984.

John B. Southard, Jr., Middletown, for appellant.

Cathy Cravens Snell, Deputy General Counsel, Arthur Hatterick, Jr., Executive Director, State Personnel Board, Frankfort, for appellee Bureau of State Police.

Before HAYES, C.J., and GUDGEL and HOWERTON, JJ.

GUDGEL, Judge:

This is an appeal from an order entered by the Franklin Circuit Court in consolidated appeals which stemmed from an order entered by the State Personnel Board (board) in a disciplinary proceeding. The board modified the penalty assessed by the appointing agency from outright dismissal to a 30-day suspension without pay. Appellant, the disciplined employee, contends that the circuit court erred in failing to set aside the order disciplining him and in failing to award him back pay, costs and attorney's fees. We disagree with his contentions. However, because the court made none of the specific findings required by KRS 18A.100(5), no statutory basis existed for the court to order this case remanded to the board. Therefore, we affirm so much of the court's order as finds that appellant's suspension was justified and reverse the portion which remands this case to the board. The net effect of our decision is to affirm the board's order in all respects.

In April, 1982, appellant, a vehicle enforcement officer, received a written administrative order from appellee, the Bureau of State Police, which directed him not to issue any traffic tickets to the operators of vehicles other than those defined by law as private or for-hire carriers. This order effectively rescinded an earlier order which had permitted him to write such tickets. On April 27, appellant intentionally violated the order by issuing a speeding ticket to the driver of a private passenger automobile.

On May 6, 1982, the commissioner of State Police notified appellant that he would be dismissed from employment on May 20 for three reasons: unsatisfactory job performance, insubordination, and conduct unbecoming an officer. He appealed to the State Personnel Board, and the matter was assigned for an evidentiary hearing before a hearing officer. On September 17, 1982, the hearing officer filed Findings of Fact, Conclusions of Law and a Recommended Order. The hearing officer recommended that appellant's dismissal be set aside and that he be reinstated to a like position with back pay. Exceptions to the hearing officer's findings and recommended order were filed, and thereupon the board, at its meeting of October 15, entered a final order. In that order, the board affirmed all the findings of fact of the hearing officer but declined to adopt his recommended order. Instead, the board found that appellant's conduct did not justify dismissal but did justify the imposition of a suspension without pay. Therefore, the board ordered appellant suspended without pay for 30 days but also ordered that he be reinstated to his former or a like position. Neither party was satisfied with the board's decision, and each perfected an appeal to the Franklin Circuit Court. The appeals were consolidated for

hearing. Appellant argued that the board erred because it failed to reinstate him without penalty and award full back pay, costs, and attorney's fees. Appellee argued that the board erred in failing to affirm its decision to dismiss him.

In the proceedings below, appellant maintained that KRS 281.765 imposed an absolute duty on him to enforce the traffic laws against the operators of all vehicles so that, if he knowingly failed to do so, he could be prosecuted under KRS 522.030 for the offense of misconduct in the second degree. Hence, he urged that the administrative order which limited his right to issue traffic tickets was invalid because it compelled him to ignore his statutory duty and therefore that he was not required to obey it. Appellee, on the other hand, argued that KRS 281.770, not KRS 281.765, governed the scope of appellant's duties as a vehicle enforcement officer. The latter statute would authorize appellant only to enforce the provisions of KRS 281 (the chapter of the Kentucky Revised Statutes relating to motor carriers) and "all the statutes and regulations relating to motor vehicles operated as private or for-hire carriers." KRS 281.770(1). The hearing officer found that appellant's duties were governed by the provisions of KRS 281.765 and thus concluded that the commissioner's April, 1982 administrative order was illegal. Although the board agreed with this finding of the hearing officer, it nevertheless concluded that some disciplinary action was justified. The circuit court found that KRS 281.770, not 281.765, is applicable to appellant. The court, therefore, found that the commissioner's administrative order was legal and remanded the case to the personnel board with directions to enter an order in conformance with this view. This appeal followed.

The critical issue is which statute governs the scope of appellant's duties to enforce the traffic laws: KRS 281.765 or KRS 281.770. In order to resolve this issue, we must determine the legislative intent embodied in these statutes.

The predecessors to the present KRS 281.765 and 281.770 were enacted simultaneously in 1950. KRS 281.765 conferred powers and imposed duties on several different types of law enforcement officers enumerated in that statute. KRS 281.770 provided that "in addition to all other enforcement agencies" the Departments of Transportation and Revenue were authorized to issue commissions to their employees as law enforcement officers "and such employees when so commissioned shall have all the powers of peace officers in respect to the enforcement of this chapter and all the statutes relating to motor vehicles."

■ At the time KRS 281.770 was enacted, the legislature must be presumed to have been cognizant of KRS 281.765. *Cook v. Ward*, Ky., 381 S.W.2d 168 (1964). As enacted, KRS 281.765 not only conferred powers on law enforcement officers but also imposed duties on them. KRS 281.770, however, only conferred enforcement powers. It did not impose any duties. Had the legislature intended KRS 281.765 to apply to officers such as appellant, it had no need to confer powers on them in KRS 281.770, since such powers would have already been conferred on them by KRS 281.765. On the other hand, if the legislature did not intend to confer the same powers and duties on KRS 281.770 officers as it conferred on KRS 281.765 officers, it was necessary to deal with their powers and duties in the particular statute which authorized their appointment. Because the legislature chose to confer express powers on KRS 281.770 officers in that statute, we conclude that the legislature did not intend that they should be subject to the duties imposed by the provisions of KRS 281.765. In short, we do not construe the reference in KRS 281.765 to "special officers appointed by any agency of the commonwealth" as being intended to include officers appointed pursuant to KRS 281.770.

A review of subsequent amendments of these statutes confirms our view. In 1956, KRS 281.770 was amended to add the phrase "whether such vehicles be operated

as a private carrier or for-hire carrier." Obviously, this amendment was designed to clarify that KRS 281.770 officers had the power to enforce traffic laws only against private and for-hire carriers, as that term is defined in KRS 281.011(1). KRS 281.765 was not amended that year. The next amendments of KRS 281.765 and 281.770 occurred in 1974. Those amendments expanded the enforcement powers of officers commissioned under both sections to cover boats and laws relating to boating and deleted the authority of the Department of Revenue to commission officers under KRS 281.770. KRS 281.765 has not been amended since. KRS 281.770, however, was substantially amended again in 1980 by drastically rewording subsection one and by enacting a subsection two. The amended statute, showing the deletions and additions made, provides as follows:[1]

(1) The commissioner [In addition to all other enforcement agencies, the], bureau of state police, [vehicle regulation] is hereby authorized to issue commissions to [its] employes of the bureau as law enforcement officers, and such employes when so commissioned shall have all the powers of peace officers in respect to the enforcement of this chapter [and KRS chapter 235] and all the statutes and regulations relating to [boats and boating and] motor vehicles[, whether such vehicles be] operated as [a] private [carrier] or for-hire carriers.

(2) Peace officers commissioned as provided herein may be assigned additional duties in enforcing other provisions of law for specified limits of time during an emergency or time of special needs as determined by the commissioner in his discretion.

█ The legislature intended the 1980 amendment to accomplish three things. First, authority to appoint employees of the bureau of motor vehicles as law enforcement officers was transferred from the commissioner of the bureau of motor vehicles to the commissioner of state police. The next change terminated their power to enforce laws relating to boats and boating. The third change, a new subsection (2), vested the commissioner of state police with the discretionary power to broaden the law enforcement powers of KRS 281.770 officers under exigent circumstances. As we see them, the carefully worded amendments of KRS 281.765 and KRS 281.770 enacted over the years manifest a legislative intent to view KRS 281.770 as the sole statute applicable to officers such as appellant.

█ Accordingly, we hold that the reference in KRS 281.765 to "special officers appointed by any agency of the commonwealth" does not refer to officers appointed pursuant to KRS 281.770. The hearing officer and the board, therefore, erred in finding that appellant had a statutory duty under KRS 281.765 to issue traffic tickets to operators of vehicles other than private or for-hire carriers. Therefore, the circuit court did not err in finding that the commissioner's administrative order limiting appellant's right to issue traffic tickets was valid. Moreover, there is substantial evidence to support a finding that appellant was guilty of insubordination by intentionally violating the commissioner's order and hence is subject to being disciplined. Since all of appellant's contentions in regard to the validity of the commissioner's order are premised on the erroneous assumption that KRS 281.765 applies to him, all of these contentions are without merit.

█ The circuit court apparently believed that the board reduced the penalty imposed against appellant from a dismissal to a 30-day suspension only because it found that the commissioner's administrative order was invalid. Therefore, it remanded the case to the board with directions to enter an order in conformity with its finding that the order was valid. However, the board's order does not indicate that it would have affirmed appellant's dismissal had it found that the commissioner's order was valid. Moreover, KRS 18A.095 vests the board with the exclusive

---

1. The deletions appear in brackets; the additions are underlined.

authority, if it finds that the action taken by the appointing agency was excessive, to alter, modify, or rescind the penalty imposed. Here, the board specifically found that appellant's conduct did not justify his dismissal but did justify a 30-day suspension without pay. Thus, the board found that grounds to discipline appellant existed, but that the penalty imposed was excessive. The board having exercised its statutory prerogative to amend or modify appellant's penalty as excessive, the circuit court on appeal was limited in its review of that action by KRS 18A.100(5). That statute authorizes a circuit court on appeal to order the board to reconsider the penalty to be assessed against an employee found guilty of insubordination only on certain grounds. The court's order failed to specify that it based its order of remand on any of those statutory grounds. Further, we cannot say, in light of the record, that the board erred or abused its discretion by reducing appellant's penalty to a 30-day suspension. Therefore, we hold that the circuit court erred by failing to affirm the board's order of October 15, 1982 in all respects.

■ Appellant also contends that the court erred in failing to find that he was entitled to be reinstated with back pay and in failing to find that he was entitled to an award of costs and attorney's fees. However, the court's failure to make appropriate findings and rulings as to these issues was not brought to its attention as required by CR 52.04. Therefore, we cannot reverse the court's judgment on either of these grounds. *Bennett v. Horton*, Ky., 592 S.W.2d 460 (1979).

So much of the court's order as adjudges that the administrative order appellant violated is valid is affirmed. The remainder of the order which remands this case to the board is reversed. Thus, the board's order of October 15, 1982 stands affirmed in all respects.

All concur.