Thomas Tucker HOWARD; Denny Akers; Kathy Akers; Scott Lafferty; Lynda Lafferty; Ronald Preston; Diane Preston; Jake Salyer, Jr.; Ermalee Salyer; and James Cantrell, Appellants,

v.

TRANSPORTATION CABINET, COMMONWEALTH OF KENTUCKY; Milo Bryant, Secretary of Transportation Cabinet; Kentucky Department of Personnel; Officer Jack Haley; Captain Lloyd G. Cassidy; Officer Joe Howard; Officer A. Justin Harmon; Martin Slone; Lt. Larry D. Laferty; and Colonel Joe Breeze, Appellees.

No. 93–SC–121–DG.

Supreme Court of Kentucky.

June 23, 1994.

Charles K. Belhasen, David LeMaster, Paintsville, for appellants.

Patricia K. Foley, Georgetown, for appellees.

STEPHENS, Chief Justice.

This appeal raises the question of whether a vehicle enforcement officer (VEO) has the statutory authority to arrest the driver of a passenger automobile for driving under the influence (DUI), or whether such an officer's powers are limited to drivers of vehicles governed by KRS Chapter 281, entitled "Motor Carriers."

The facts are not in dispute. On May 1, 1986, on-duty VEO officer, appellant James Cantrell, happened upon the scene of an automobile accident on U.S. Route 23. It was apparent to him that the driver of the automobile was intoxicated. Because Officer Cantrell was unable to reach either the Kentucky State Police or his own headquarters by radio for twenty to thirty minutes, he arrested the driver of the automobile and transported him to the Johnson County Jail. According to the Transportation Cabinet's Guidance Manual under which appellant works, "DUI enforcement by Motor Vehicle Personnel is restricted to motor carrier drivers/operators" as defined by KRS 281.011(1). *See* Transportation Guidance Manual, Chapter 92–33, Section 0090. Consequently, Cantrell was issued a disciplinary letter of repri-

mand by his employer, the appellee herein, for exceeding the scope of his authority.

The present action was brought by appellant Cantrell and other citizens seeking to compel enforcement of DUI laws by the Kentucky Transportation Cabinet and various Vehicle Enforcement Officers working area highways. The controversy was submitted to the Johnson Circuit Court by agreed order of the parties. The trial court concluded that vehicle enforcement officers have an obligation to enforce DUI laws with regard to all types of motor vehicles, pursuant to KRS 281.765 and KRS 189.010 through 189.090. It was further ordered that the Cabinet shall remove the letter of reprimand from the personnel file of Officer Cantrell. The Court of Appeals reversed. This Court granted discretionary review.

Resolution of the sole issue before the Court in this case depends upon which one of two statutes is controlling.

KRS 281.770 provides:

(1) The commissioner, department of state police, is hereby authorized to issue commissions to employees of the department as law enforcement officers, and such employees when so commissioned shall have all the powers of peace officers in respect to the enforcement of this chapter and all the statutes and regulations relating to motor vehicles operated as private or for-hire carriers.

(2) Peace officers commissioned as provided herein may be assigned additional duties in enforcing other provisions of law for specified limits of time during an emergency or time of special needs as determined by the commissioner in his discretion.

KRS 281.765 provides in pertinent part:
Any peace officer, including sheriffs and their deputies, constables and their deputies, police officers and marshals of cities or incorporated towns, county police or patrols, and *special officers appointed by any agency of the Commonwealth of Kentucky for the enforcement of its laws relating to motor vehicles* and boats or boating, now existing or hereafter enacted, shall be authorized and it is hereby made the duty

of each of them to enforce the provisions of this chapter and to make arrests for any violation or violations thereof, and for violations of any other law relating to motor vehicles and boating, ... (Emphasis added)

A unanimous Court of Appeals panel found the issue in this case controlled by *Wilson v. Bureau of State Police*, Ky.App., 669 S.W.2d 18 (1984), for which discretionary review was not sought. In *Wilson*, the Court of Appeals stated that it did "not construe the reference in KRS 281.765 to special officers appointed by any agency of the Commonwealth as being intended to include officers appointed pursuant to KRS 281.770." *Id.* at 20. Noting the apparent conflict in the statutes, the court traced the various amendments to the statutes in the years following their enactment. The *Wilson* court concluded that "the carefully worded amendments of KRS 281.-765 and KRS 281.770 enacted over the years manifest a legislative intent to view KRS 281.770 as the sole statute applicable to officers such as appellant." *Id.* at 21.

In the present case, the Court of Appeals cited the change in authority over VEOs from the Kentucky State Police to the Transportation Cabinet, but characterized the legislature's failure to amend KRS 281.770 to reflect the transfer as an "oversight." It ruled that "VEOs still derive their powers from KRS 281.770, and not KRS 281.765, which in effect holds that *Wilson, supra*, is still good law. *See Fiscal Court of Jefferson County v. City of Anchorage*, Ky., 393 S.W.2d 608 (1965)." The court further concluded that while the legislature amended the DUI statutes to increase the penalties and strengthen enforcement of the DUI laws, nothing in Chapter 189A can be construed as expanding the powers or duties of the VEOs to arrest drivers of passenger automobiles for DUI. Respectfully, we disagree.

■ From the outset, it seems apparent that KRS 281.765 and 281.770, with regard to the scope of authority accorded to VEOs, are facially irreconcilable. KRS 281.765 contains language that functions as a broad grant of authority to various types of peace officers, including "special officers appointed by any agency of the Commonwealth of Kentucky

for the enforcement of its laws relating to motor vehicles ..." These officers are not only authorized, but indeed, operate under a duty "to enforce the provisions of this chapter and to make arrests for ... violations of *any other law* relating to motor vehicles ..." *Emphasis added.* Enforcement of a DUI law against the driver of a passenger car, of course, would fall into the category of "any other law relating to motor vehicles." *See,* KRS 189.520 et seq.; KRS 189A.010 through 189A.090.

On the other hand, KRS 281.770 is clearly more circumscribed. It specifies that employees of the department of state police can be commissioned as peace officers with respect to the general enforcement of only those laws and regulations of Chapter 281 "relating to motor vehicles *operated as private or for-hire carriers*." *Emphasis added.* Subsection 2 of KRS 281.770 authorizes the state police commissioner to assign additional duties to peace officers, including enforcement of "other provisions of law." However, this authority is restricted in scope to exigent circumstances for limited periods of time. It is this more limited grant of authority in KRS 281.770 which the Court in *Wilson* held controlling, and upon which the Court of Appeals in the present case relies.

This case is both complicated (and partially resolved) by the fact that through administrative reorganization over the years, authority over VEOs has bounced from the Kentucky Transportation Cabinet to the Justice Cabinet, Kentucky State Police and back again. *See* Governor's Executive Order 80–84, effective February 1, 1980; Governor's Executive Order 82–500, effective August 1, 1982. Yet KRS 281.770 has never been amended to reflect that fact.

In May, 1982, when the appellant in *Wilson* arrested the driver of a passenger automobile for speeding, VEOs functioned under the direction of the Kentucky State Police. While *Wilson* was pending, Governor John Y. Brown transferred authority back to the Transportation Cabinet, where it now rests. Thus the *Wilson* case addresses itself to the question of whether VEOs similarly situated to appellant Wilson (i.e., as employees of the Kentucky State Police) had the authority to

enforce traffic laws against passenger automobiles. Since KRS 281.770 expressly speaks to the commissioning, authority, and duties of "peace officers" who function under the supervision of the state police, the Court understandably held KRS 281.770 to be the controlling authority.

■ In the present case, there are several reasons why a different result should obtain. Ten years after *Wilson,* administrative authority over VEOs remains with the Transportation Cabinet. KRS 281.770 is an enabling statute which explicitly directs itself to the scope of authority of employees commissioned as peace officers by the Kentucky State Police Commissioner. We do not agree with the contention of the appellee that the legislature's ratification of Executive Order 82–500 representing the change in administrative authority over VEOs from the Kentucky State Police to the Transportation Cabinet is tantamount to either an "implied amendment" of KRS 281.770 or legislative approval of the holding in *Wilson.* KRS 281.770 simply does not apply to VEOs.

■ On the contrary, a majority of this Court is of the view that KRS 281.765 is the enabling statute which dictates the scope of authority within which VEOs, as employees of the Transportation Cabinet, must operate in a circumstance such as appellant herein faced. The plain meaning of the language resists any other interpretation. Transportation Cabinet VEOs are "special officers appointed by any agency of the Commonwealth of Kentucky for the enforcement of its laws relating to motor vehicles." As such, it is incumbent upon officers such as appellant "to enforce the provisions of this chapter [KRS 281] and to make arrests for any violation or violations of any other law relating to motor vehicles ..."[1]

In addition, the facts of this case draw a second statute into play which further justifies what we see as a common sense interpretation of KRS 281.765 as the operative statute. KRS 189.520(2) states, "No peace officer or state police officer shall fail to enforce rigidly this section and KRS 189A.010 through 189A.090, [the DUI statutes]." Such a powerful imperative makes obvious the legislature's direct intention to institute a policy whereby all peace officers with varying jurisdictions, both geographical and otherwise, are mandated to arrest offenders of DUI statutes.[2] Such policy is certainly consistent with the seriousness of the offense and the general public's attitude toward abating the needless tragedy caused by intoxicated drivers of all classes of vehicles.

For the reasons stated above, the decision of the Court of Appeals is reversed. To the extent that the holding in *Wilson v. Bureau of State Police, supra,* conflicts with this opinion, it is overruled.

LAMBERT, REYNOLDS, SPAIN, STUMBO and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents in a separate dissenting opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

It seems plain to me that the two statutes in question, KRS 281.765 and 281.770, as written, addressed different problems and had different purposes.

KRS 281.770 was enabling legislation to permit the Commissioner of the Department of State Police to commission vehicle enforcement officers (VEOs), who, when so commissioned, "shall have all the powers of peace officers in respect to the enforcement of this chapter [confined to 'Motor Carriers'] and all the statutes and regulations relating to motor vehicles operated as private or for-hire carriers." The statute goes on in subsection

---

1. This holding is fully in accord with the formal opinion issued by former Attorney General David L. Armstrong. *See* MOTOR CARRIERS—Enforcement of motor vehicle laws, OAG 87–73, 2–121 (1987).

2. By this holding, we avoid the absurd result of requiring uniformed officers from other agencies such as the Forestry Department, the Department of Fish and Wildlife and Kentucky State Park Rangers operating under the mandate of KRS 281.765 to enforce DUI laws in their particular jurisdictions, while a VEO witnessing an intoxicated driver on a state highway would be forced to merely radio for assistance or idly stand by.

(2) to provide that such officers, when commissioned, "may be assigned additional duties in enforcing other provisions of law for specified limits of time during an emergency or time of special needs." *Wilson v. Bureau of State Police,* Ky.App., 669 S.W.2d 18 (1984) clearly identified the limited and specific authority of these VEOs as created pursuant to KRS 281.770, and correctly held that KRS 281.765 served a separate and different purpose: that KRS 281.765 did not provide a broad grant of authority for VEOs to enforce motor vehicle laws against the general public.

KRS 281.765 is a statute general in nature, as contrasted with KRS 281.770 which is specifically intended to specify the law enforcement power of VEOs. KRS 281.765 expands the authority of certain peace officers to enforce motor vehicle laws, but it defies logical analysis to conclude that its intent extended to expanding the power of VEOs who are specifically created and empowered by the next statutory section. Further, there is no logical reason to believe otherwise simply because KRS 281.765 includes a reference to "special officers appointed by any agency of the Commonwealth of Kentucky for the enforcement of its laws relating to motor vehicles and boats or boating."

Further, there is no logical reason to believe that the transfer by Executive Order of these VEOs from the jurisdiction of the Department of State Police to that of the Transportation Cabinet was intended to change the nature of their office or to expand their power. On the contrary, legislative failure to amend KRS 281.770 to reflect this transfer is, quite obviously, no more than legislative oversight, and there is no reason to treat it otherwise, as the Majority does in the present Opinion. I respectfully suggest that it is not the General Assembly but the Majority Opinion that effects legislative change by expanding the power of VEOs beyond that specified in KRS 281.770 simply because "Department of State Police" was not changed to "Department of Transportation" when the Executive Order of August 1, 1982 was ratified by the 1984 General Assembly.

KRS 281.765 and 281.770 should be given their common sense meaning rather than illogically expanded to create a new class of police officers with powers to stop and arrest private citizens not involved in the operation of motor carriers at will, and whenever the spirit shall move them, so long as they consider a traffic violation has occurred.

I would affirm and adopt the Court of Appeals' Opinion in this case.